[No. 23281. Department One. February 15, 1932.]

PACIFIC FINANCE CORPORATION, *Respondent,* v. COMMERCIAL CREDIT COMPANY, *Appellant.*[1]

*Douglas D. Mote,* for appellant.

*Bogle, Bogle & Gates* and *Warren Brown, Jr.,* for respondent.

MITCHELL, J.—Transport Corporation was the owner of an automobile that was involved in the transaction out of which this action arose. On October 26, 1929, it sold the automobile on conditional sale contract and delivered the automobile to J. E. Williams, for a consideration consisting, in part, of deferred monthly payments in the sum of $1,064.13. The contract was signed by both parties. Two days thereafter, October 28, 1929, for a valuable consideration, the Transport Corporation assigned in writing and delivered all of its rights under the conditional sale contract to the Pacific Finance Corporation, the plaintiff in this case.

[1]Reported in 8 P. (2d) 289.

On the same day, October 28, 1929, the Pacific Finance Corporation caused the conditional sale contract and assignment to be duly filed and recorded in the office of the auditor of Yakima county, where the sale occurred and the property was situate.

Two days later, October 30, 1929, in Yakima county, Williams, as though he were the owner, entered into a purported conditional sale contract with, and delivered the automobile to, one John Severyns, and on the same day Williams assigned and delivered this contract to the Commercial Credit Company, a corporation. Severyns defaulted in his payments, whereupon Commercial Credit Company took the automobile from him and sold it for $750, appropriating the money to its own use.

The Pacific Finance Corporation made several monthly collections from Williams, but there remained due and owing to it, on the contract assigned to it, an amount in excess of the judgment recovered in this action.

Certain written findings of the trial court filed in this case were as follows:

"(4) That the plaintiff, Pacific Finance Corporation, on or about the 28th day of October, 1929, became the owner of the following described personal property, to-wit: 1 Willy Knight Sedan, Serial No. 105067.

"The plaintiff purchased said car from Transport Corporation, a corporation, who prior to the purchase thereof by the plaintiff was the owner thereof. That plaintiff's title was obtained in the manner hereinafter set forth.

"(5) That on or about the 26th day of October, 1929, Transport Corporation, a corporation, being at that time the owner of the car hereinabove described, conditionally sold said car to J. E. Williams; that a true and correct copy of the entire, complete and only contract between said parties with reference to said car is hereto attached marked 'EXHIBIT A,' an original

of which contract is in evidence in this action. That on or about the 28th day of October, 1929, Transport Corporation sold said contract and the car covered thereby to the plaintiff and executed an assignment and instrument transferring the title to said car, an exact copy of which is on the back of Exhibit 'A' hereto attached. That by reason of said sale the plaintiff became the owner of said car. That said contract was never changed, modified or altered, nor were there any additional contracts with reference to said car made by either Transport Corporation or by the plaintiff with the said J. E. Williams. That the purchaser under the terms of said contract thereafter defaulted and did not make the payments as therein required and abandoned the said car and contract.

"(6) That on October 28, 1929, the plaintiff filed and caused to be filed an original of said contract, properly signed by both parties thereto, in the office of the auditor of Yakima county, state of Washington. That J. E. Williams, the purchaser named in said contract, was at all times herein mentioned a resident of Yakima county, state of Washington, and that said contract was filed within ten days after said purchaser took possession of the property covered thereby and within ten days after the execution of said contract.

"(7) That on or about the 30th day of October, 1929, J. E. Williams entered into a contract of conditional sale with one John Severyns by the terms of which contract Williams purported to make a conditional sale of said car to John Severyns. That at the time of making said contract Williams had no interest nor title of any kind whatsoever in and to said car. Thereafter, Williams on or about the 30th day of October, 1929, assigned his interest in said contract to the defendant, Commercial Credit Company, a Delaware corporation. That prior to and at the time of said assignment of said contract to said defendant, the said defendant had notice of conditional sale contract between Pacific Finance Corporation, as assignee of Transport Corporation, and J. E. Williams.

"(8) That at some date during the latter part of January or during the month of February, 1930, the additional defendant, Commercial Credit Company, a

Delaware corporation, wrongfully and unlawfully took possession of said car and shortly thereafter sold said car for the sum of $750, the proceeds of which sale were received by said Commercial Credit Company. That at the time of taking possession of said car and at all times since, the said defendant, Commercial Credit Company, a Delaware corporation, was not the owner of said car and did not have any interest therein. That said additional defendant, Commercial Credit Company, a Delaware corporation, converted said car to its own use and sold the same as hereinabove stated. That the plaintiff, Pacific Finance Corporation, was the owner of said car at all times mentioned herein.

"(9) That the value of said car at all times herein mentioned was the sum of $750.

"(10) That prior to the commencement of this action plaintiff made demand upon the defendant and additional defendant for the possession of said car or its value, which demand was refused."

Upon the findings, conclusions and judgment in the sum of $750 were entered in favor of the plaintiff. The Commercial Credit Company, a corporation, defendant in the action, has appealed.

Referring to the assignments of error set out in the brief, appellant says that they are "all closely related and will be discussed without separation." In substance, the argument on behalf of the appellant, as we understand it, is that the conditional sale contract to Williams was a "demonstrator's or salesman's contract," giving Williams the right to sell the automobile to a third person, such as Severyns, whereupon Williams or his assignee, such as the appellant, had a right in the automobile superior to the rights and claims of the Pacific Finance Corporation.

However, there is nothing of that kind in the language of the conditional sale contract to Williams, nor in the assignment by him to the respondent, which contract and assignment were duly filed with the

county auditor within the time fixed by Rem. Comp. Stat., § 3790, and two days prior to the making of the purported conditional sale contract by Williams to Severyns. On behalf of the respondent, Wells, its resident manager at Yakima at the time of the transaction involved, upon speaking of the conditional sale contract to Williams, assigned by Williams to the respondent, testified:

"Q. Did you have any other agreements of any kind, either oral or in writing, with Mr. Williams with reference to what he could do with this car? A. No. Q. You did not in any way authorize him to dispose of the car, did you? A. No. Q. You did not know he was going to dispose of it, did you? A. No."

And, as already noticed, the court found:

"That said contract was never changed, modified or altered, nor were there any additional contracts with reference to said car made by either Transport Corporation or by the plaintiff with the said J. E. Williams."

There was in the case no claim or plea of estoppel against the respondent. The evidence altogether clearly preponderates in favor of findings made by the trial court, which in turn authorize and support the conclusions and judgment.

Affirmed.

TOLMAN, C. J., BEELER, PARKER, and HERMAN, JJ., concur.